

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE KEVIN NICHOLS, | § | No. 08-25-00197-CR |
| | § | |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |

### **M E M O R A N D U M   O P I N I O N**

Contending that his rights were violated and that he was physically attacked, Relator Kevin Nichols filed multiple letters in this Court asking to file various federal charges against (1) Andrews County District Clerk Sherry Dushane; (2) the Honorable Judge Pool of the 109th Judicial District Court; (3) County Attorney of Andrews County Sean Galloway; Assistant County Attorney for Andrews County Scott Turner; (5) Andrews County Clerk Vicki Scott; and (6) the Honorable Judge Jones of Andrews County.

Though it appears from the letters that Nichols has a pending criminal case in Andrews County, none of the filings indicate a desire to appeal from a judgment or other appealable order in his criminal prosecution.[1] *See* Tex. R. App. P. 25.2(b) (providing that in a criminal case, an

---

[1] In one of his filings, Nichols provides a certified copy of a "State's Motion to Revoke Bond and Deny Bail" filed in Andrew County Cause No. 23-0239 by Scott Turner on June 11, 2025. The document contains Nichols's handwritten notes alleging that multiple statements in the document are "lies," "deceit," "fake," and "retaliation." Nichols does not allege in his filings that the trial court denied him habeas-corpus relief. Accordingly, we do not consider his filings to be an appeal from a ruling on a pretrial application for writ of habeas corpus.

appeal is perfected by timely filing a sufficient notice of appeal); Tex. R. App. P. 25.2(c)(2) (stating that notice is sufficient if it "shows the party's desire to appeal from the judgment or other appealable order"). For that reason, we construe Nichols's letters as a petition for writ of mandamus.

Nichols's petition seeks to have the above-named individuals "arrested and charged" for deprivation of rights under color of law and conspiracy to commit deprivation of rights, citing 18 U.S.C. § 242 ("Deprivation of rights under color of law"); 18 U.S.C. 241 ("Conspiracy against rights"); 42 U.S.C. § 1983 ("Civil action for deprivation of rights"). Nichols seeks further charges against Vicki Scott for violations of 28 U.S.C. § 2076.[2]

As an intermediate appellate court, we have original and appellate jurisdiction only as authorized by law. *See* Tex. Const. art. V § 6. The Texas Legislature authorizes state courts of appeals to issue any writ necessary to enforce its jurisdiction as well as writs of mandamus "agreeable to the principles of law regulating those writs" "against a judge of a district, statutory county, statutory probate county, or county court" within its jurisdiction upon. Tex. Gov't Code Ann. § 22.221(a), (b).

The Court lacks original jurisdiction over this matter. No principles of law regulating the writs we have authority to issue authorize this Court to compel the United States to initiate a criminal prosecution or to adjudicate private attempts to enforce federal criminal statutes such as those cited in Nichols's filings against anyone.

Accordingly, we dismiss the petition for want of jurisdiction.

---

[2] This statute was repealed in 1988.

2

LISA J. SOTO, Justice

July 30, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)